**In re Batty**

*Donald L. Reihart, District Attorney*, for Commonwealth.
*Daniel L. Carn*, for petitioner.

SHADLE, *P. J.*, April 29, 1975—The minor petitioner, 15 years of age, is charged before a district justice of the peace with the offense of murder. He has filed a petition in the Juvenile Division of this court praying that he be afforded a hearing on the issue of whether the case should be transferred to that division for disposition. Although the petition should have been filed in the Criminal Trial Division where the case obviously now is pending, we shall treat it as though so filed. A rule was granted upon the Commonwealth, to which it filed an answer, and argument was had before the court.

Petitioner predicates his application on section 7 of the Juvenile Act of December 6, 1972, P.L. 1464 (No. 333), 11 P.S. §50-303. This provides as follows:

"If it appears to the court in a criminal proceeding *other than murder*, that the defendant is a child, this act shall immediately become applicable, and the judge shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case . . . to a judge of the court assigned to conduct juvenile hearings . . . If it appears to the court in a criminal proceeding *charging murder*, that the defendant is a child, the case *may similarly*

*be transferred and the provisions of this act applied."* (Emphasis supplied.)

The Commonwealth argues that there is no authority for such a transfer for a number of reasons, including the following:

(1) The crime of murder historically and under the Juvenile Court Law of June 2, 1933, P.L. 1433, 11 P.S. §§243, et seq., has been triable exclusively in the Criminal Trial Division.

(2) A juvenile charged with murder is not a "child," nor is such offense "delinquency," within the meaning of the Act of 1972.

(3) A number of provisions of the Act of 1972 indicate that a charge of murder against a juvenile must be tried exclusively in the Criminal Trial Division and not under that act.

There appear to have been no reported decisions on this issue since the Act of 1972 became effective, and we, therefore, are faced for the first time with the difficult task of construing that statute.

It is true that the prior Act of 1933 by a number of provisions categorically and without exception excluded murder from its terms. See, for example, section 4, 11 P.S. §246; section 14, 11 P.S. §256, and section 18, 11 P.S. §260. However, the last sentence quoted above from section 7 of the Act of 1972 now expressly addresses the issue of the transfer of a murder charge against a juvenile to the Juvenile Division. Consequently, the silence of the Act of 1933 on this point furnishes no authority for now ignoring this latest legislative pronouncement.

The Commonwealth argues that section 7 of the Act of 1972 authorizes transfer to the Juvenile Division of a murder charge only against a "child." It

then points to section 2 of the Act of 1972, 11 P.S. §50-102, wherein "child" is defined as either one who is "under the age of eighteen years," or one who is "under the age of twenty-one years who committed an act of delinquency before reaching the age of eighteen years." The same section defines "delinquent child" to mean one who has "committed a delinquent act," and provides that "delinquent act" means an act which constitutes a crime, but "shall not include the crime of murder." The Commonwealth interprets these definitions to mean that the act is applicable only to (1) *deprived* children under the age of 18, and (2) *delinquent* children under the age of 21 who committed delinquent acts before becoming 18.

We consider this to be tortured and erroneous reasoning. Under the Act of 1933, and traditionally in Pennsylvania, the critical age for determining jurisdiction of both delinquent and deprived (previously called dependent or neglected) children has been 18 years. The purpose of the two subdivisions in the definition of a "child" in section 2 of the new act is not to abrogate this criterion. Instead, it makes clear that both delinquent and deprived children under the age of 18 are within its provisions, but subsection (ii) clarifies that if a juvenile has passed his eighteenth birthday by the time the jurisdiction of the court attaches, he still is subject to the provisions of the act if the assigned delinquent conduct occurred before he became 18. Without this clarification, it would have been arguable that once an offender passed his eighteenth birthday he was in the adult court even though he was a child when the offense was committed, a result the legislature clearly intended to prevent.

We do agree that the categorical provision of subsection (2) of section 2 of the Act of 1972 that "'Delinquent act' shall not include the crime of murder" superficially poses problems of conflict. It is arguable that a child who commits murder cannot be a "delinquent child" since he has not committed a "delinquent act" or an "act of delinquency." Similarly, it is possible to contend that section 3, 11 P.S. §50-103, of the act prescribing its applicability excludes murder because the proceeding is not one in which the child is "alleged to be delinquent," because section 23, 11 P.S. §50-103, relating to adjudication refers to petitions in which the child is "alleged to be delinquent," because section 25, 11 P.S. §50-322, relating to disposition, speaks of a "delinquent" child, and because section 28, 11 P.S. §50-325, dealing with transfer of cases from juvenile to adult court, refers to a petition alleging "delinquency." It is on the basis of these apparent conflicts that the Commonwealth argues that if a charge of murder were heard in the Juvenile Division, the court has no authority to make any findings, adjudication or disposition *whatever*, leading to an insoluble impasse.

However, we consider these problems to be more superficial than real. For example, subsection (3) of section 3, supra, specifically makes the provisions of the Act of 1972 applicable to "Transfers arising under section 7." Section 6(1), 11 P.S. §50-302, specifically provides that proceedings under the act may be commenced "By transfer of a case as provided in section 7." Section 23, 11 P.S. §50-320, does not require the court to make a formal adjudication of "delinquency," but only to make findings as to "whether the acts ascribed to the child were

committed by him [e.g., criminal homicide, murder, etc.]." Finally, subsection (e) of section 28, supra, dealing with transfers of cases from juvenile to adult court, specifically provides as follows:

"Where the petition alleges conduct which if proven would constitute murder, the court shall require the offense to be prosecuted under the criminal law and procedures *except where the case has been transferred from the criminal court pursuant to section 7 of this act.*" (Emphasis supplied.)

It is the first-quoted portion of section 28, supra, on which the Commonwealth relies in arguing that a murder charge must, without any exception, be tried against a juvenile in adult court. To reach this result, it would interpret section 28 to mean that a transfer can be made to juvenile court *only* where a nominal charge of murder in a complaint is *not proven* (presumably in a preliminary hearing before a magistrate) to *in fact* constitute murder but constitutes a lesser degree of homicide.

Such an interpretation is both too narrow and unreasonable. Unquestionably, such a failure of proof would constitute a basis for transferring an unfounded murder charge to Juvenile Court. But, to so limit section 28(e) makes it redundant, since section 7, supra, already provides that a "criminal proceeding other than murder" shall be transferred to the Juvenile Division. There would be no necessity in section 28(e) to repeat that an ill-founded charge of murder likewise should be so transferred.

The narrow and unreasonable interpretation advocated by the Commonwealth would render completely nugatory the unequivocal language in (a) section 7 that "in a criminal proceeding charging murder . . . the case may similarly [as in a non-

murder charge] be transferred and the provisions of this act applied"; (b) section 28 that adult criminal procedures shall be followed "except where the case has been transferred from the criminal court pursuant to section 7"; (c) section 3 that the act shall be applicable to "Transfers arising under section 7"; and (d) section 6 that proceedings may be commenced "By transfer of a case as provided in section 7."

Finally, the Commonwealth argues that there are no standards for determining whether to transfer set forth in section 7. In our opinion, the standards enumerated in section 28 for a transfer from juvenile to adult court are equally applicable and relevant in determining whether charges should be heard in the Juvenile Division. These include the nature of the offense, the amenability of the child to treatment, supervision or rehabilitation, the availability of facilities for that purpose, the age, mental capacity, maturity, previous record and probation or institutional reports of the child, and the interests of the community.

We conclude that by the Act of 1972 the legislature made its intention inescapably clear that "where appropriate" the court "may" transfer a criminal proceeding charging murder against a child from adult criminal proceedings to the Juvenile Division under the provisions of that act. Obviously, there is no requirement that such transfer must be made unless and until the court is satisfied, after hearing, that it would be appropriate under the indicated circumstances. To deny a petitioner the right to a hearing on that issue could, in our opinion, raise problems of a constitutional dimension.

## ORDER

And now, April 29, 1975, upon consideration of the petition of petitioner, it is ordered that a hearing be held in the Criminal Trial Division of this court to determine whether this case shall be transferred to a judge of the court assigned to conduct juvenile hearings and the provisions of the Juvenile Act of 1972 applied, such hearing to be held in a manner consistent with this opinion. For this purpose, the Juvenile Probation Department is directed to prepare and submit to the court a report of a social investigation of petitioner in a manner consistent with this opinion. Petitioner's prayer for the appointment of a psychiatrist is deferred pending receipt of such report. An exception is noted for the Commonwealth.